# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
POLINA SHEVCHUK, LYUDMILA SHEVCHUK and
PETRO SHEVCHUK

**SUMMONS**

Plaintiffs,

Index No.:

- against -

NATIONAL RAILROAD PASSENGER
CORPORATION, doing business as AMTRAK, and
BRANDON BOSTIAN,

Defendants.
-----------------------------------------------------------------X

Plaintiff designates QUEENS County as the place of trial. The basis of venue is where Plaintiffs reside. Plaintiffs reside at 65-10 108th Street, Forest Hills, New York 11375.

To the above-named defendants:

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the plaintiff's attorneys within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete, if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, New York
May 20, 2015

Yours, etc.,

PHILIP RUSSOTTI
WINGATE, RUSSOTTI, SHAPIRO &
HALPERIN, LLP
Attorneys for Plaintiffs
POLINA SHEVCHUK, LYUDMILA
SHEVCHUK and PETRO SHEVCHUK
420 Lexington Avenue
Suite 2750
New York, NY 10170
(212) 986-7353

TO: NATIONAL RAILROAD PASSENGER CORPORATION
60 Massachusetts Avenue, NE
Washington, DC 20002

BRANDON BOSTIAN
109-20 71st Road, Apt. 5J
Forest Hills, NY 11375

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
POLINA SHEVCHUK, LYUDMILA SHEVCHUK and
PETRO SHEVCHUK

                        Plaintiffs,

- against -

NATIONAL RAILROAD PASSENGER
CORPORATION, doing business as AMTRAK, and
BRANDON BOSTIAN,

                        Defendants.
-------------------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No.:

Plaintiffs, by their attorneys, WINGATE, RUSSOTTI, SHAPIRO & HALPERIN, LLP, as and for their Verified Complaint, upon information and belief, alleges the following:

## AS AND FOR A FIRST CAUSE OF ACTION

1. At all times hereinafter mentioned, defendant, NATIONAL RAILROAD PASSENGER CORPORATION (hereinafter "NRPC") was a corporation duly organized and existing under the laws of the District of Columbia.

2. At all times hereinafter mentioned, defendant NRPC was doing business as, and was commonly known as "AMTRAK"

3. At all times hereinafter mentioned, defendant NRPC was authorized and licensed to do business in the State of New York.

4. At all times hereinafter mentioned, defendant NRPC transacted business within the State of New York; regularly did or solicited business within the State of New York or engaged in other persistent courses conduct and/or derived substantial revenue from goods used or consumed

or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce.

5. At all times hereinafter mentioned, defendant NRPC owned, operated, maintained and controlled an intercity passenger train service in the United States, known as AMTRAK, which included the Northeast Regional service.

6. At all times hereinafter mentioned, defendant NRPC was a common carrier and, as such, had a duty to use reasonable care for the safety of its passengers.

7. At all times hereinafter mentioned, defendant NRPC owned, operated, maintained and controlled the northbound AMTRAK Northeast Regional train No. 188 bound from Washington, D.C. to New York City on May 12, 2015.

8. At all times hereinafter mentioned, defendant BRANDON BOSTIAN (hereinafter "BOSTIAN") was a resident of the State of New York, County of Queens.

9. At all times hereinafter mentioned, defendant BOSTIAN was an employee of defendant NRPC.

10. At all times hereinafter mentioned, defendant BOSTIAN was an agent and/or servant of defendant NRPC.

11. At all times hereinafter mentioned, defendant BOSTIAN was the engineer and operator of the aforementioned AMTRAK Northeast Regional train No. 188.

12. At all times hereinafter mentioned, defendant BOSTIAN was acting within the scope of his employment and/or agency with defendant NPRC

13. At all times hereinafter mentioned, plaintiffs POLINA SHEVCHUK and LYUDMILA SHEVCHUK were lawful passengers on the aforesaid northbound AMTRAK Northeast Regional train No. 188.

14. On May 12, 2015 at approximately 9:21 p.m. (EDT) the aforesaid AMTRAK Northeast Regional train No. 188 upon which plaintiffs POLINA SHEVCHUK and LYUDMILA SHEVCHUK were passengers derailed and crashed at a curve at the Frankford Junction in the Port Richmond neighborhood of Philadelphia, Pennsylvania, near the intersection of Frankford Avenue and Wheatsheaf Lane.

15. At the time of the derailment and crash, the aforesaid AMTRAK Northeast Regional train No. 188 was being operated by defendant BOSTIAN.

16. At the time of the derailment and crash, the speed limit was eighty (80) miles per hour approaching the curve and fifty (50) miles per hour within the curve.

17. At the time of the derailment and crash, the aforesaid AMTRAK Northeast Regional train No. 188 was traveling at a speed in excess of one hundred (100) miles per hour.

18. At the time of the derailment and crash, the aforesaid AMTRAK Northeast Regional train No. 188 was traveling at a speed in excess of the speed limit in the area.

19. The aforesaid derailment and crash was caused by the negligence, carelessness, recklessness and willful, wanton conduct of the defendants, their agents, servants and/or employees in the ownership, operation, maintenance and control of the aforesaid AMTRAK Northeast Regional train No. 188, tracks, safety systems and facilities, including, *inter alia*, operating the train at an excessive, unsafe speed and failing to implement Positive Train Control and/or Automatic Train Control, without any negligence, carelessness or recklessness on the part of the plaintiffs contributing thereto.

20. Defendant NPRC, its agents, servants and/or employees, breached its duty as a common carrier to exercise reasonable care to protect the safety of its passengers, POLINA SHEVCHUK and LYUDMILA SHEVCHUK.

21. As a result of the derailment and crash, plaintiffs POLINA SHEVCHUK and LYUDMILA SHEVCHUK were caused to sustain severe and permanent physical and emotional injuries and have incurred, and will continue to incur, economic losses.

22. By reason of the foregoing the plaintiffs, POLINA SHEVCHUK and LYUDMILA SHEVCHUK, have been damaged and seek awards of money damages, including exemplary or punitive damages, in sums which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

23. That this action falls within one or more of the exceptions set forth in Section 1602 of the CPLR.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR LOSS OF SERVICES

24. That the plaintiffs, repeat, reiterate and reallege each and every allegation of the complaint in paragraphs numbered " 1 " through " 23" with the same force and effect as though each and every allegation were set forth more fully herein at length below.

25. At all times hereinafter mentioned the plaintiff, PETRO SHEVCHUK was, and still is, the husband of the plaintiff, POLINA SHEVCHUK.

26. That by reason of the negligence of the Defendants herein, as aforesaid, the plaintiff, PETRO SHEVCHUK, has been and will be deprived of the care, comfort, consortium and services of his wife, POLINA SHEVCHUK.

27. That as a result of the foregoing the plaintiff, PETRO SHEVCHUK, has been damaged and he seeks an award in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiff POLINA SHEVCHUK and LYUDMILA SHEVCHUK demand judgment against the defendants on the First cause of action and plaintiff PETRO SHEVCHUK demands judgment against defendants on the Second Cause of Action in sums which exceed the jurisdictional limit of all lower Courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: New York, NY
      May 20, 2015

Yours, etc.,

PHILIP RUSSOTTI
WINGATE, RUSSOTTI & SHAPIRO, LLP
Attorneys for Plaintiffs
420 Lexington Avenue, Suite 2750
New York, NY 10170
(212) 986-7353

## VERIFICATION BY ATTORNEY

PHILIP RUSSOTTI, an attorney duly admitted to practice before the Courts in the State of New York, hereby affirms, under the penalties of perjury, as follows:

1. That deponent is the attorney for the plaintiff in the action within; that deponent has read the foregoing **COMPLAINT** and know the contents thereof; that the same is true to deponent's own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true.

2. The reason that this verification is not made by plaintiff and is made by deponent is that plaintiff does not reside in the county where the attorneys for the plaintiff have their office.

3. Deponent further says that the source of deponent's information and the grounds of deponent's belief as to all matters not stated upon deponent's knowledge are from investigations made on behalf of said plaintiff.

_____
PHILIP RUSSOTTI